**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Curtis L. Hampton,

Plaintiff,

Case Number: 24-cv-10769
Honorable Jonathan J.C. Grey

v.

Heidi Washington, *et al.*,

Defendants.
_______________________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 52)**

Before the Court is pro se Plaintiff Curtis L. Hampton's second motion for reconsideration. (ECF No. 52.) Hampton is a state prisoner currently in the custody of the Michigan Department of Corrections. Hampton initiated this action against Defendants Leslie Cummings, Marjorie Beauchamp, Heidi Washington, A. Douglas, J. Anderson, S. Flaugher, Glenn Kusey, and Audrey Karnes, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, various federal criminal statutes, and various state laws. (ECF No. 1.) Hampton also alleged liability under the Federal Tort Claims Act. (*Id.*) He amended his complaint twice. (ECF Nos. 11, 14.)

Upon initial screening, the Court dismissed most of Hampton's claims, leaving only his First Amendment retaliation claims against Beauchamp and Cummings based on alleged destruction of property.[1] (ECF No. 25, PageID.745, 753; ECF No. 31, PageID.862.) On May 6, 2025, Hampton filed a motion for reconsideration, within which he sought reinstatement of his First Amendment retaliation claim against Flaugher, Kusey, and Karnes, as well as reinstatement of his claim alleging multiple defendants violated 18 U.S.C. § 1001. (ECF No. 36.) On April 27, 2026, the Court denied Hampton's motion for reconsideration. (ECF No. 45.) On June 8, 2026, Hampton re-filed the *same* motion seeking reconsideration. (ECF No. 52.)

Local Rule 7.1(h)(4) states, "[a] motion to reconsider an order denying a motion for reconsideration may not be filed." E.D. Mich. LR 7.1(h)(4). Accordingly, the "Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order." *United*

[1] The Court dismissed Hampton's claims for relief under the Fifth, Eighth, and Fourteenth Amendments, the Federal Tort Claims Act, and various federal criminal statutes. (ECF No. 25, PageID.753.) The Court also dismissed Hampton's First Amendment retaliation claim against all defendants except Cummings and Beauchamp. (*Id.*) The Court declined to exercise supplemental jurisdiction over Hampton's state-law claims against Washington, Douglas, Anderson, Flaugher, Kusey, and Karnes, and dismissed those defendants from this action because no claims remained against them. (*Id.*)

*States v. Rodgers*, No. 10-20235, 2011 WL 2746196, at *1 (E.D. Mich. July 14, 2011). *See Annabel v. Campbell*, No. 20-CV-11114, 2023 WL 2762017, at *1 (E.D. Mich. Apr. 3, 2023); *Meeks v. Mich. Dep't of Corr.*, No. 2:19-cv-12506, 2020 WL 6161263, at *1 (E.D. Mich. Oct. 21, 2020) (citing *Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001)) ("A litigant is not entitled to file multiple subsequent motions for reconsideration once a district court has issued an order denying the initial motion for reconsideration.").

Not only do the Local Rules disallow successive motions for reconsideration, Hampton's pending motion is *substantively identical* to the motion he filed on May 6, 2025. Thus, even if Hampton were permitted to file a second motion for reconsideration, which he is not, the Court would deny his motion for the same reasons set forth in the Court's April 27, 2026 Order. *See Rodgers*, 2011 WL 2746196, at *1. Accordingly, the motion is **DENIED**.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

Date: August 5, 2026

**<u>Certificate of Service</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager